**UNITED STATES of America,
Appellee,**

v.

**Thomas SASSANO, Defendant–
Appellant.**

**No. 07–4292–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 19, 2008.

Ronald Rubinstein, Rubinstein & Corozzo, LLP, New York, NY, for Defendant–Appellant.

Elie Honig, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief, Jonathan S. Kolodner, Assistant United States Attorney, of counsel), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges, and EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Defendant-appellant Thomas Sassano appeals from a judgement of conviction entered on October 3, 2007 in the District Court following a jury trial. Specifically, Sassano was convicted of conspiracy to commit extortion in violation of 18 U.S.C. § 1951, and extortion in violation of 18 U.S.C. §§ 1951 and 1952, with his co-defendant, Salvatore Scala. The District Court sentenced Sassano principally to 63 months' imprisonment. Sassano claims on appeal that (1) the District Court abused its discretion in admitting certain testimony regarding out-of-court statements, and that such error is not harmless, and (2) the evidence was insufficient to sustain defendant's conviction. Finally, (3) defendant joins in the arguments that his co-defendant made on his separate appeal,[1] to the extent those arguments apply. We address each point in turn, and assume the parties' familiarity with the facts and procedural history.

(1) First, Sassano claims that the District Court abused its discretion in admitting testimony from Steven Aslan, manager of a Manhattan strip club called "the VIP Club," regarding out-of-court statements made to him by his partner, John Vargo, about the necessity of making cash payments to Scala. Among other things, Aslan testified that a few weeks after they

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1. This Court, by order of January 8, 2008, granted Scala's motion to sever and expedite his appeal, in light of Scala's medical condition.

began running the VIP Club, Vargo told Aslan that they would need to make cash payments of approximately $2,500 every two weeks to Scala to "keep the peace."

A panel of this Court has already considered the admission of these statements; in his direct appeal, Scala also argued that Vargo's statements should not have been admitted, relying, as Sassano does now, on *United States v. Reyes*, 18 F.3d 65, 69 (2d Cir.1994), because of the danger that the jury treated the statement as evidence of the truth of the matter asserted. We dismissed this very inadmissability claim by summary order. *See United States v. Scala*, 266 Fed.Appx. 41 (2d Cir.2008). Specifically, we noted that Aslan's state of mind was "relevant to the extortion charges," because "Aslan controlled the outflow of money from the VIP Club." *Id.* at 43. Accordingly, the "at-issue evidence helps explain why Aslan provided the money—namely, out of fear, rather than because Scala was legally entitled to the money." *Id.* We further noted that the District Court instructed the jury that Aslan's testimony about Vargo's statements was not being offered for the truth of Vargo's statements, and that the jury was given a limiting instruction to that effect. *Id.* We stated that, "[w]e have no reason to believe that the jury was unable to, or did not, abide by that instruction," and therefore concluded that "the concerns we expressed in *Reyes* are inapt here." *Id.* at 43, 44. We conclude the same in the instant case. In light of the relevance of the statements to the extortion charges faced by Sassano and Scala, the fact that the statements were being offered for Aslan's state of mind, and the District Court's limiting instruction, we determine that they were properly admitted.

Moreover, despite defendant's argument to the contrary, we conclude that even if there was error in admitting Vargo's statements, the error was harmless in light of the strength of the unchallenged direct and circumstantial evidence on the extortion charges. We have held that an "error is harmless if we can conclude that that testimony was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir.1992) (internal citations and quotation marks omitted). As we noted in *Scala*, the jury considered evidence that (i) Sassano and co-defendant Scala were well-known and widely-feared members of the Gambino Crime Family; (ii) Sassano told Aslan that he would not be hurt so long as he "cooperated with them"; (iii) Sassano aggressively confronted Alan Kapson, an attorney for the estate of the VIP Club's owner who had been asked to examine the finances of the club, when Kapson stopped making payments; (iv) Sassano and Scala instituted a surreptitious method of cash collection after Scala's arrest in 2001; and (v) after the VIP Club was sold for $1.3 million, neither Sassano nor Scala received any proceeds from the sale, and neither defendant asserted any purported right to those proceeds in a lawsuit. *Scala*, 266 Fed.Appx. at 44. We therefore conclude that Vargo's statements were "unimportant in relation to everything else" considered by the jury, *Rea*, 958 F.2d at 1220, and reject Sassano's claim.

(2) Sassano claims that "[t]he evidence was insufficient to establish that money was obtained from the VIP Club through the wrongful use of fear when the erroneously admitted hearsay statements are excluded." We review *de novo* a claim of insufficient evidence. *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir.2002). In considering the sufficiency of the evidence, a court must "view[ ] all of the evidence in the light most favorable to the government." *United States v. Aleskerova*, 300 F.3d 286, 292 (2d Cir.2002). *See also Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Upon a review of the record, we conclude that when taken in sum, and taken in the light most favorable to the government, the entirety of the evidence of Sassano's guilt on this point was more than sufficient to support the jury's verdict. Accordingly, we see no reason to reverse defendant's conviction on this basis.

(3) Finally, defendant joins in the arguments made by Scala in his separate appeal. This Court previously rejected all of Scala's arguments. *See Scala,* 266 Fed. Appx. 41. For the same reasons, we reject those claims here.

Upon a review of the record and the arguments of counsel, we reject defendants' remaining arguments as lacking in merit.

## CONCLUSION

We reject all of defendant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED.**